IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRED NEKOUEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:18-cv-107-GMB |
| | ) | [WO] |
| CAPTAIN D'S, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

Pending before the court is the Motion to Exclude Report and Any Testimony or Evidence Concerning Alleged Regulatory Violations not in the Original Complaint (Doc. 14) filed by Defendant Captain D's, LLC ("Captain D's"), and the First Motion for Leave to Amend Complaint (Doc. 16) filed by Plaintiff Fred Nekouee. For the following reasons, it is ORDERED that the defendant's motion (Doc. 14) is DENIED, and the plaintiff's motion (Doc. 16) is GRANTED.

The parties' dispute centers on an expert witness report submitted by Nekouee which discusses five alleged violations of Americans with Disabilities Act ("ADA") regulations at the Captain D's restaurant in Montgomery, Alabama. *See* Doc. 14. Captain D's asserts that Nekouee "seeks to add new regulatory violations via his expert report after the deadline to amend his Complaint has passed." Doc. 14 at 2. In response, Nekouee filed a motion for leave to amend his complaint to include the five alterations at the restaurant he argues violate the ADA. While Nekouee himself encountered the alterations on June 14, 2018, the expert witness was not able to identify the alleged violations until June 22,

2018. Doc. 16 at 1. According to Nekouee, the alterations were performed after he commenced this lawsuit and, "[s]ince discovery is still ongoing, it would be a great injustice to not allow [Nekouee] Leave to Amend his Complaint." Doc. 16 at 2.

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Captain D's correctly points out, however, that the deadline for amendments to pleadings as set forth in the Uniform Scheduling Order expired on June 20, 2018. Doc. 13 at 2. Motions for leave to amend filed after a scheduling order's deadline to amend pleadings can only be granted upon a showing of good cause under Federal Rule of Civil Procedure 16(b). *See, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Moreover, even under Rule 15's more liberal standard, courts need not permit amendment in the event of undue delay, bad faith, or dilatory motive on the part of the plaintiff, where allowing amendment would cause undue prejudice to the opposing party, or where the amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Here, Nekouee has articulated good cause to justify the amendment. Specifically, Nekouee asserts that he only discovered the alterations on June 14—just six days before the expiration of the deadline to amend pleadings. And the fact that Nekouee's expert witness examined the alterations and issued his report just one week later, on June 22, undermines any contention that Nekouee has unduly delayed proceedings or is acting with a dilatory motive. Finally, any prejudice to Captain D's is minimized by the fact that

discovery in this matter is ongoing and the delay between the deadline to amend pleadings, the expert witness report, and the motion for leave to amend is minimal.

Accordingly, it is ORDERED that Captain D's motion in limine (Doc. 14) is DENIED and Nekouee's motion for leave to amend (Doc. 16) is GRANTED. It is further ORDERED that Nekouee shall file the amended complaint attached as an exhibit to his motion on or before **August 13, 2018**.

DONE this 10th day of August, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE