IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| FRED NEKOUEE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18cv107-GMB |
| | ) | [wo] |
| CAPTAIN D'S, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Now before the court are a Motion for Summary Judgment filed by Captain D's, LLC ("Captain D's") (Doc. 32), and Captain D's Objection to, or in the Alternative, Motion to Strike or Exclude Plaintiff's October 11, 2018 Inspection Report. Doc. 37.

Fred Nekouee filed this lawsuit on February 12, 2018 and amended his complaint on August 13, 2018. Docs. 1 & 26. He brings a single count setting out separate denials of access to a public accommodation in violation of the Americans with Disabilities Act ("ADA"). After Nekouee filed his initial complaint, he sought to amend the complaint to add additional violations which were revealed in an expert witness report submitted after the deadline to amend the complaint had passed. The court allowed the amendment in part because the prejudice to Captain D's was minimized by the fact that discovery was ongoing at the time. Doc. 25.

Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. Docs. 11 & 12. After careful consideration of the parties' submissions and the applicable law,

for reasons to be discussed below, the motion for summary judgment is due to be GRANTED in part, and the objection is due to be OVERRULED.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II. FACTS

The facts viewed in a light most favorable to the nonmovant are as follows:

Nekouee is mobility impaired and uses a wheelchair. Doc. 36-2 at 1. He visited the Captain D's property at 2674 Zelda Road in Montgomery, Alabama and found violations of the ADA. Doc. 1 at 1–3. After he set forth these violations in a complaint (Doc. 1), Captain D's engaged an ADA expert, Kirk Tcherneshoff, who made recommendations to make the facility ADA-compliant. Doc. 34-1 at 2. Based on these recommendations, Captain D's made structural renovations to bring the facility into compliance with the ADA. Doc. 34-1 at 3. In its motion for summary judgment, Captain D's takes the position that it remedied all of the deficiencies identified by Nekouee. Doc. 33 at 2. It offers the affidavit of Larry Jones, the Vice President of Construction for Captain D's, to demonstrate that Captain D's made the recommended renovations. Doc. 34-1. Captain D's also deposed Nekouee's expert, David Nekouee, and asked whether renovations would remediate the ADA violations identified. Doc. 34-2.

Nekouee again visited the Captain D's property on October 11, 2018. Doc. 36-1.

He states in a declaration that he discovered continuing violations, which were confirmed by his retained expert, including defective alterations and repairs. Doc. 36-2.

## III.  STANDARDS OF REVIEW

### A.  Rule 37 Objection

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether the failure to disclose was justified or harmless, courts consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party. *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008).

### B.  Summary Judgment

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials

in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B). Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## IV. DISCUSSION

**A.    Mooted Claims**

Captain D's has moved for summary judgment arguing that it is now ADA-complaint with respect to every violation identified in the complaint, making the allegations in the complaint moot. For this proposition, Captain D's relies on *Kennedy v. Omegagas & Oil, LLC*, 748 F. App'x 886 (11th Cir. 2018), which set forth the following

factors for a mootness inquiry: (1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability. Much of the evidence cited by Captain D's relates to structural modifications to the premises.

Nekouee has responded that summary judgment is not due to be granted because he disputes as a matter of fact that items ff, gg, j, n, m, w, and x, as pleaded in the Amended Complaint (Doc. 26), have been remedied. He does not, however, dispute that the other ADA violations identified in his complaint have been remedied.

Other courts examining evidence of remedied ADA violations have reasoned that structural modifications to comply with the ADA—in contrast with procedural changes— are likely to support a finding of mootness. *See Kennedy*, 748 F. App'x at 886; *Thornton v. R&L Foods, LLC*, 2016 WL 4216786, at *5 (M.D. Ala. Aug. 9, 2016). Given Captain D's evidence of remediation, and without any evidence in opposition regarding violations a–i, k–l, o–v, y–ee, and hh, the court concludes that the motion for summary judgment is due to be granted as to these aspects of Nekouee's claims because these allegations have been mooted by structural modification.

**B.     Additional Claims Pleaded in the Amended Complaint**

Nekouee's remaining claims as pleaded in the Amended Complaint are based on alleged ADA violations that, according to Nekouee, have not been remedied—items ff, gg,

5

j, n, m, w, and x. In support of his position, Nekouee offers his own declaration, a declaration of expert David Nekouee, and an inspection report dated October 11, 2018. Docs. 36-1, -2 & -3.

The inspection report is the subject of Captain D's Rule 37 objection. Captain D's notes that the report was not disclosed within the discovery deadline, which expired in August 2018, and also that Nekouee did not provide the new report until November 6 even though the inspection occurred on October 11. Nekouee explains away his late disclosure by noting that Captain D's disclosed certain information relevant to the current state of its premises on October 17—also well past the discovery deadline. On this record, and mindful of the ADA's goal of unfettered access, the court is not convinced that it would be improper or inequitable to consider an expert's report based on an up-to-date inspection of the premises. *See Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.*, 975 F. Supp. 2d 1374, 1389 (N.D. Ga. 2013) (declining to exclude plaintiff's expert report made after the close of discovery because "it was not improper for Plaintiff to have his expert re-inspect the property to assess the validity of that claim so that he could adequately respond to Defendant's motion for summary judgment"). For this reason, the objection to Nekouee's expert disclosure is overruled.[1]

---

[1] Moreover, regardless of the propriety of Nekouee's expert disclosure or its timing, Nekouee has submitted a declaration establishing that he personally witnessed the seven violations in his Amended Complaint that have not, in his opinion, been remedied. Doc. 36-2. For example, as to item ff, Captain D's provided non-expert evidence that the access aisle serving the van accessible parking space on its premises has a running slope of less than 1:48 or 2%. Doc. 34-1 at 9. However, Nekouee asserts that he personally observed a running slope exceeding 1:48 when he inspected the premises in October 2018. *See* Doc. 36-2 at 1 (incorporating the attached expert report). The court may consider Nekouee's observations. *See Norkunas*

Rather than finding that Nekouee's newly disclosed evidence creates a dispute of material fact at this time, however, the court is persuaded by Captain D's argument that it would be unduly prejudiced if the court were to accept the inspection report without allowing Captain D's an opportunity to question Nekouee's expert or otherwise to develop evidence rebutting the assertions in that report. The court therefore will establish new deadlines for conducting supplemental discovery relating to these claims and for supplementing the motion for summary judgment.

**B.    New Violations**

Nekouee also has identified new violations in response to Captain D's motion for summary judgment, but these violations do not appear in his operative complaint. *See* Docs. 26 & 36. According to Nekouee, these violations did not exist when he filed his lawsuit, but instead were created during Captain D's efforts to repair the premises in response to his claims. Doc. 36 at 2. Captain D's apparently concedes that these new violations resulted from remediation efforts. Doc. 43 at 2.

The court is reluctant to engage in an endless cycle of allegations and remediation. The motion for summary judgment, however, is premised on the argument that Captain D's has complied with the ADA so that Nekouee's claims are moot. In light of the state of the record which points to evidence of existing violations, the court concludes that the more prudent course is to allow Nekouee an opportunity to amend his complaint to add the new

---

*v. Seahorse NB, LLC*, 444 F. App'x 412, 417–18 (11th Cir. 2011) (considering lay testimony regarding ADA compliance issue consisting of facts within the witness' personal knowledge).

violations identified during the October 2018 inspection, but also to reopen discovery, as described above.

## V.  CONCLUSION

For these reasons, it is hereby ORDERED as follows:

1. The Motion for Summary Judgment (Doc. 32) is GRANTED to the extent that the violations in the Amended Complaint identified as a–i, k–l, o–v, y–ee, and hh are DISMISSED as moot.

2. The Motion for Summary Judgment (Doc. 32) is held in abeyance as to the violations in the Amended Complaint identified as ff, gg, j, n, m, w, and x.

3. The Objection to, or in the Alternative, Motion to Strike or Exclude Plaintiff's October 11, 2018 Inspection Report (Doc. 37) is OVERRULED and DENIED.

4. The Plaintiff has until **February 28, 2019** to file a second amended complaint complete unto itself which includes only the violations identified as ff, gg, j, n, m, w, and x in the Amended Complaint, along with the new violations stated on page 6, 9, and 13 of Doc. 36-1.

5. Once a second amended complaint is filed, discovery is permitted on those claims to conclude by **April 5, 2019**.

6. Captain D's has until **April 15, 2019** to file any supplementation of its Motion for Summary Judgment.  Nekouee has **two weeks** to respond, and Captain D's has **one week** to reply.  The motion for summary judgment will be finally resolved at that time.

7. The pretrial hearing set for March 19, 2019 and the non-jury trial of this case

set for April 15, 2019 are CONTINUED GENERALLY.

DONE this 21st day of February, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE